IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00776-PAB-MEH

ADPERIO NETWORK, LLC,

 Plaintiff,

v.

APPSLIDE, LLC,

 Defendant.

## ORDER

 This matter is before the Court on Defendant Appslide, LLC's Motion for Partial Judgment on the Pleadings [Docket No. 19]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

 On April 4, 2016, plaintiff Adperio Network, LLC ("Adperio") filed this lawsuit against defendant AppSlide, LLC ("AppSlide") alleging claims for breach of contract and unjust enrichment. Docket No. 1. Plaintiff is an internet advertising and marketing company. *Id.* at 2, ¶ 5. For some advertising campaigns, plaintiff uses third parties, referred to as "publishers," for online marketing, advertising, and lead generation. *Id.* at 2, ¶ 6. Under this arrangement, advertisers pay plaintiff for its services and plaintiff, in turn, pays the third-party publishers. *Id.* at 2, ¶ 7. On January 21, 2015, plaintiff

---

[1] The facts below are taken from the complaint in this action and are presumed to be true for purposes of this motion.

entered into a publisher agreement with defendant, using defendant as a publisher for one of plaintiff's clients in July, August, September, and October 2015. *Id.* at 2-3, ¶¶ 8-9, 11. In November 2015, plaintiff began to question the validity of defendant's advertising activities and now believes that the July-September 2015 leads or consumer activities "were not valid or otherwise compensable to AppSlide." *Id.* at 4, ¶¶ 15-18.

Defendant requests partial judgment on the pleadings related to "that portion of the complaint claiming a refund of commissions for Project No. 1." Docket No. 19 at 3. As grounds for its motion, defendant states that plaintiff admits in its complaint that plaintiff's client paid plaintiff in full for defendant's publishing activities from July to September 2015 for Project No. 1, and therefore plaintiff cannot claim damages related to defendant's work during that time. Docket No. 19 at 2, 4.

## II. STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones,* 577 F. App'x 778, 781-82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006)). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station*

*Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

## III. DISCUSSION

Defendant argues that the complaint "establishes that, as a matter of law, Adperio was not damaged in respect of Project No. 1, which AppSlide performed in July-September 2015." Docket No. 19 at 3. To support this claim, defendant points to plaintiff's statement in the complaint that plaintiff paid defendant $392,501 in commissions for its publishing activities in July-September 2015 ("Project No. 1"), that plaintiff paid defendant $287,206.80 for its October 2015 publishing activities ("Project No. 2"), and that plaintiff's client withheld payment for the October 2015 leads and consumer activities. Docket No. 1 at 3-4, ¶ 12, 14, 19. Defendant claims that plaintiff's failure to plead that its client withheld payment for the July-September 2015 publishing activities means that the client did pay plaintiff for Project No. 1 and thus plaintiff has failed to allege damages. Docket No. 19 at 4.

Rule 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Plaintiff's first claim, for breach of contract, alleges that defendant breached the publisher agreement by generating invalid leads, receiving payment for invalid leads, failing to provide lead validation information, and failing to refund $283,989.75 in payments. Docket No. 1 at 5, ¶ 25. As a result of this breach, plaintiff seeks damages in excess of $675,000, including the amount paid to AppSlide for invalid leads, related lost profits, costs and attorney fees. *Id.* at 5, ¶ 26. Defendant cites no authority that would allow a court to infer that a plaintiff got paid by a third party for work the defendant performed and thereby excise the amount of such payment from plaintiff's

damages claim. Even if, under the proper circumstances, Rule 12(c) could be used for this purpose, such circumstances do not exist here. Plaintiff has pled damages for lost profits and costs, which may be related to Project No. 1, and which raise numerous fact issues. Docket No. 1 at 5, ¶ 26. Moreover, it is not clear as a matter of law that nonpayment by plaintiff's clients is necessary to show damages under either the breach of contract claim or the unjust enrichment claim. *See* Docket No. 1-1 at 3, ¶ 5 ("Publisher shall not earn commissions on Invalid Leads."); Restatement (Third) of Restitution and Unjust Enrichment § 3 (2011) ("A person is not permitted to profit by his own wrong.").

The Court finds that defendant has failed to show entitlement to judgment as a matter of law and that no material issue of fact remains with respect to Project No. 1.

## IV. CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that Defendant AppSlide, LLC's Motion for Partial Judgment on the Pleadings [Docket No. 19] is denied.

DATED February 22, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge